# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 13-02015-VAP (DTBx)                    Date:  February 21, 2014

Title:     LASCO FITTINGS, INC. -v- LESSO AMERICA, INC.
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                        None Present
    Courtroom Deputy                                     Court Reporter

ATTORNEYS PRESENT FOR                      ATTORNEYS PRESENT FOR
PLAINTIFFS:                                DEFENDANTS:

    None                                                 None

PROCEEDINGS:   MINUTE ORDER (1) GRANTING MOTION TO DISMISS IN
               PART AND (2) VACATING HEARING ON FEBRUARY 24,
               2014 (IN CHAMBERS)

    Before the Court is Defendant LESSO America, Inc.'s  Motion to Dismiss ("Mot." or "Motion").  (Doc. No. 25.)  The Motion is appropriate for resolution without a hearing, and accordingly, the Court VACATES the hearing on February 24, 2014, at 2:00 p.m.  See Fed. R. Civ. P. 78; L.R. 7-15.  After consideration of the papers in support of, and in opposition to, the Motion, the Court GRANTS the Motion in part.

## I. BACKGROUND

### A.   Procedural Background

    On November 5, 2013, Plaintiff LASCO Fittings Inc. ("Plaintiff") ("LASCO") filed a Complaint for Trademark Infringement, Unfair Competition, and Unjust Enrichment

EDCV 13-02015-VAP (DTBx)
LASCO FITTINGS, INC. v. LESSO AMERICA, INC.
MINUTE ORDER of February 21, 2014

against LESSO America, Inc. ("Defendant") ("LESSO"). ("Complaint" or "Compl.") (Doc. No. 31.) Plaintiff LASCO has an exclusive license to use the "LASCO" name and mark for "plastic and metallic pipe, pipe fittings, valves, joints, flow control, and related fluid distribution products." (Compl. ¶ 16.) Plaintiff alleges that in 2012 or early 2013 Defendant LESSO began infringing on this trademark by advertising, marketing, and selling pipe fittings that are "virtually identical" to those offered under the "LASCO" mark using the confusingly similar name and mark "LESSO" in the United States. (Id. ¶ 22.) Specifically, LASCO alleges the following claims: (1) federal trademark infringement; (2) federal unfair competition; (3) common law trademark and trade name infringement; (4) unfair competition under California state law; and (5) unjust enrichment.[1]

On January 16, 2014, the Court denied Plaintiff's motion for a preliminary injunction enjoining the use of the "LESSO" name and mark in connection with the sale of pipe fittings and related products. (See January 16, 2014 Order Denying Motion for Preliminary Injunction (Doc. No. 33) ("Order Denying Preliminary Injunction").)

On December 30, 2013, Defendant filed the instant Motion to Dismiss. Defendant moves, pursuant to Rule 12(b)(1), or, in the alternative Rule 12(b)(6), to dismiss Plaintiff's first and third claims of trademark infringement for lack of standing. Defendant also moves to dismiss Plaintiff's first through fourth claims pursuant to Rule 12(b)(7) for failure to join an indispensable party under Rule 19. On January 21, 2014, Plaintiff filed an Opposition to the Motion to Dismiss. ("Opposition" or "Opp'n.") (Doc. No. 34.) On February 7, 2014, Defendant filed a Reply in Support of the Motion to Dismiss. ("Reply") (Doc. No. 35.)

## B. Factual Background
### 1. LASCO and LESSO

This action arises out of a dispute between two pipe fitting companies: LASCO and LESSO. Plaintiff LASCO is one of the leading companies in the pipe fittings

---

[1] LASCO has agreed to dismiss the unjust enrichment claim. (Mot. at 1.) Accordingly, the Court orders Plaintiff's unjust enrichment claim DISMISSED.

EDCV 13-02015-VAP (DTBx)
LASCO FITTINGS, INC. v. LESSO AMERICA, INC.
MINUTE ORDER of February 21, 2014

industry. (Compl. ¶ 5.) Plaintiff LASCO makes pipe fittings that are designed to carry water and water-based substances. (Id. ¶ 6.) The primary market segments in the pipe fittings industry served by LASCO are irrigation; plumbing; pool and spa; retail; and industrial heating, ventilation, and air conditioning ("HVAC"). (Id. ¶ 7.)

Over the past fifty years Plaintiff LASCO and predecessor entities have prominently used and promoted the "LASCO" mark in advertising, promotion, and "various other ways customary to the trade." (Id. ¶ 18.) As a result of the long and extensive usage and promotion of the LASCO mark, the mark is "distinctive to designate Plaintiff LASCO's products, distinguish Plaintiff LASCO's products from the products of others, and to distinguish the source or origin of Plaintiff LASCO's products." (Id. ¶ 20.)

Defendant LESSO incorporated as a California corporation in July 2012 and is a subsidiary of China LESSO Group Holdings Limited ("LESSO Group"). (Compl. ¶ 25. Like LASCO, LESSO sells plastic pipes and pipe fittings that are used in a variety of piping systems, including those for water supply, drainage, power supply and telecommunications, agriculture, gas supply, floor seating, and fire-fighting. (Id.) Plaintiff LASCO alleges Defendant LESSO's brand name is an attempt to capitalize on the name "LESSO" which is "confusingly similar to the well-established "LASCO" brand already existing in the U.S. market." (Compl. ¶ 26.)

**2.    Registration and Ownership of the "LASCO" Trade Name and Mark**

In 1947, the LASCO name and mark was coined by the founder of LASCO Industries. (Id. ¶ 9.) In 1969, LASCO Industries was acquired by Philips Industries Inc. ("Phillips Industries"), which continued to use the LASCO name and mark in the LASCO division. In 1990, Tomkins Industries, Inc. ("Tomkins"), acquired Philips Industries, including the LASCO division. (Id.)

In 1993, Tomkins filed an Application to register the "LASCO" trademark with the United States Patent and Trademark Office ("PTO"), and in 1995 the PTO granted the application and registered the "LASCO" mark under Registration No. 1,916,325. (Id. ¶¶ 11-12.) The registration includes "plastic pipe and pipe coupling for plumbing purposes" in International Class 17. (Id.)

MINUTES FORM 11                                  Initials of Deputy Clerk vp for MD
CIVIL -- GEN                    Page 3

EDCV 13-02015-VAP (DTBx)
LASCO FITTINGS, INC. v. LESSO AMERICA, INC.
MINUTE ORDER of February 21, 2014

In 1999, Plaintiff LASCO and LASCO Bathware, Inc. ("LASCO Bathware") were formed as wholly owned subsidiaries of Tomkins. (Compl. ¶¶ 13-14.) On September 6, 2000, Tomkins assigned the "LASCO" registration, name, mark, and associated goodwill to LASCO Bathware, and LASCO Bathware granted a license to Plaintiff LASCO to continue to use the "LASCO" trademark in connection with the pipe fittings business. (Id. ¶ 15.) In 2007, Aalberts Industries U.S. Holding Corporation ("Aalberts") acquired the stock of Plaintiff LASCO from Tomkins. (Id. ¶ 16.) As part of this stock transaction, LASCO Bathware granted a worldwide exclusive license ("License") to Plaintiff LASCO to use the "LASCO" trademark for "plastic and metallic pipe, pipe fittings, valves, joints, flow control, and related fluid distribution products" replacing the prior license. (Id.) In 2010, LASCO Bathware changed its name to Aquatic Co. ("Aquatic"), but still remains the owner of the "LASCO" name, mark, and registration. (Id.)

## II. LEGAL STANDARD

Defendant LESSO moves to dismiss Plaintiff LASCO's federal and state trademark infringement claims for lack of standing.[2] Defendant challenges Plaintiff's statutory standing under section 32(1) of the Lanham Act, 15 U.S.C. § 1114, and common law standing under California common law trademark infringement.

There is a distinction between Article III constitutional standing requirements and statutory standing requirements to bring suit. Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011); Cetacean Cmty. v. Bush, 386 F.3d 1169, 1175 (9th Cir. 2004); Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc., 2013 WL 1007666, at *1-2 (N.D. Cal. Mar. 13, 2013). Questions of Article III standing are analyzed properly under the 12(b)(1) standard for lack of subject matter jurisdiction, however, questions of lack of statutory standing are analyzed under the 12(b)(6) standard for failure to state a claim. Maya, 658 F.3d at 1067 ("Lack of *statutory* standing requires dismissal for failure to state a claim, lack of *Article III* standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil

---

[2]Noting that Courts have analyzed motions to dismiss an infringement claim by trademark licensees under both Rule 12(b)(1) and 12(b)(6) Defendant raised the standing issue under 12(b)(1), or, in the alternative, under 12(b)(6).

EDCV 13-02015-VAP (DTBx)
LASCO FITTINGS, INC. v. LESSO AMERICA, INC.
MINUTE ORDER of February 21, 2014

Procedure 12(b)(1)."); Cetacean Cmty., 386 F.3d at 1175 ("If a plaintiff has suffered sufficient injury to satisfy the jurisdictional requirement of Article III but Congress has not granted statutory standing, that plaintiff cannot state a claim upon which relief can be granted. In that event, the suit should be dismissed under Rule 12(b)(6)."). Defendant's motion to dismiss for lack of statutory standing is analyzed appropriately under a Rule 12(b)(6) standard.[3]

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. Conley v. Gibson, 355 U.S. 41, 47 (1957); Bell Atl. Corp. v Twombly, 550 U.S. 544, 555 (2007). In order to survive a Rule 12(b)(6) motion, the complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F. 3d 1202, 1216 (9th Cir. 2011); see Twombly, 550 U.S. at 570 (plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."); Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

Although the scope of review is limited to the contents of the complaint, the

---

[3]Similarly, Defendant's argument that Plaintiff lacks standing to bring a common law trademark infringement claim does not implicate Article III constitutional standing requirements. Defendant claims Plaintiff lacks standing because Plaintiff fails to satisfy the first element of a common law trademark infringement claim; i.e., that Plaintiff was the original owner of the LASCO name and mark.

EDCV 13-02015-VAP (DTBx)
LASCO FITTINGS, INC. v. LESSO AMERICA, INC.
MINUTE ORDER of February 21, 2014

Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings." Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

## III. DISCUSSION

### A. Standing

Defendant challenges Plaintiff's standing to bring federal and state trademark infringement claims because Plaintiff is not the owner of the "LASCO" mark. Plaintiff admits it is not the owner of the "LASCO" mark, but argues that as an exclusive licensee of the mark it has standing to bring its trademark infringement claims under section 32(1) of the Lanham Act and California common law.

For the purposes of this Motion, the Court will consider the Trademark Agreement between Plaintiff LASCO and LASCO Bathware (the "License") as incorporated by reference into the Complaint. (See Ex. 1 to Mot.) Under the incorporation by reference doctrine, the Court may consider in a motion to dismiss any documents referenced in the complaint or on which the complaint necessarily relies. Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1159-60 (9th Cir. 2012). "Specifically, courts may take into account 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" Id. at 1160 (quoting Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005)). Although not attached to the Complaint, the License was referred to repeatedly and forms the basis for Plaintiff's claims, which are all grounded in Plaintiff's rights as an exclusive licensee of the "LASCO mark." (See Compl. ¶¶ 8, 15, 16, 21.) Furthermore, the parties do not dispute the authenticity of the document. Accordingly, the Court will consider the License as part of the Complaint, and assume the contents of the License are true for the purposes of the instant 12(b)(6) motion to dismiss.

### 1. Section 32(1) of the Lanham Act

Section 32(1) of the Lanham Act specifically provides that a "registrant" may

EDCV 13-02015-VAP (DTBx)
LASCO FITTINGS, INC. v. LESSO AMERICA, INC.
MINUTE ORDER of February 21, 2014

bring a civil action for trademark infringement. 15 U.S.C. § 1114(1). There is a split of authority as to how this language in the statute should be construed. <u>Innovation Ventures,</u> 2013 WL 1007666, at *3. Some courts have strictly construed the statute as applying only to registrants of federal trademarks. <u>Id.</u> Other courts have adopted the interpretation that "[s]tanding may exist where the licensing agreement both grants an exclusive license and grants to the exclusive licensee a property interest in the trademark, or rights that amount to those of an assignee." <u>Visa U.S.A., Inc. v. First Data Corp.</u>, 2005 WL 6271242, at *3 (N.D. Cal. Aug. 16, 2005). The Ninth Circuit has yet to reach this issue, but the prevailing approach in district courts in the Circuit is the latter one. <u>Innovation Ventures,</u> 2013 WL 1007666, at *3.

"A truly exclusive licensee, one who has the right even to exclude his licensor from using the mark, might be considered an assignee since no right to use the mark is reserved to the licensor." <u>Innovation Ventures</u>, 2013 WL 1007666, at *3 (quoting <u>ICEE Distribs., Inc. v. J & J Snack Foods. Corp.</u>, 325 F.3d 586, 598 (5th Cir. 2003)). Whether an exclusive license amounts to an assignment for the purposes of standing depends on the property rights conveyed in the license. <u>Visa U.S.A.</u>, 2005 WL 6271242, at *3. "Where a licensing agreement does not grant the licensee a property interest in the mark or otherwise assign to the licensee the registrant-licensor's ownership rights, the licensee, even if exclusive, cannot enforce the mark under [Section 32]." <u>Ultrapure Systems, Inc. v. Ham-let Group,</u> 921 F. Supp. 659, 665 (N.D. Cal. 1996). A licensee lacks standing where the provisions in the agreement indicate that the licensor retains exclusive ownership of the mark or where the licensor retains exclusive rights to enforce the trademark. <u>Id.</u> (citing <u>DEP Corp. v. Interstate Cigar Co.</u>, 622 F.2d 621, 623 (2nd Cir. 1980)).

As the Court previously held in the Order Denying Preliminary Injunction, although LASCO is an exclusive licensee, the rights conveyed in the License are not sufficient to confer standing to bring the trademark infringement claim under section 32(1)**.** (<u>See</u> Order at 10.) In Opposition to this Motion, Plaintiff does not dispute that Aquatic owns the "LASCO" mark, but again argues that under <u>Innovation Ventures</u>, LASCO has standing to bring the trademark infringement claim as an exclusive licensee.

In <u>Innovation Ventures</u>, the District Court for the Northern District of California

EDCV 13-02015-VAP (DTBx)
LASCO FITTINGS, INC. v. LESSO AMERICA, INC.
MINUTE ORDER of February 21, 2014

held that a truly exclusive licensee "*might* be considered an assignee" for the purposes of Section 32(1) standing, and then proceeded to analyze the specific license agreement at issue and whether all significant rights to the trademarks had been conveyed to the licensee. 2013 WL 1007666, at *3 (emphasis added). In that case, the parties had executed an assignment and license-back agreement. Id. at *2. Under such an agreement, the original registrant assigns title in the marks to a company, and then the company executes a license-back agreement giving the original registrant an exclusive license. The rights conveyed by the licensor to the exclusive licensee included: (1) the right to use the trademark in any way; (2) the right to use all intellectual property, including business goodwill, associated with the trademark; (3) the right to sue for infringement and to compel the licensor to join the lawsuit. Id. at *5. The rights retained by the licensor included the title and ownership of the mark, some control over litigation related to the mark, and the right to inspect the licensee's use of the marks to ensure the quality of the products. Id. The court concluded that it was a "close call" whether all rights were conveyed, and declined to rule on the issue in a motion to dismiss because further discovery was needed to answer questions as to how the contractual arrangement had operated in practice, the extent of the control actually exercised by the licensor, and the intent of the parties at the time of the assignment and license-back transaction. Id. at *6.

     The LASCO License is more limited in scope than the agreement in Innovation Ventures. LASCO is the exclusive licensee of the trademark only in relation to "plastic and metallic pipe, pipe fittings, valves, joints, flow control, and related fluid distribution products." (License §§ 1.1(b); 2.1; 2.2.) LASCO has the right to exclude the licensor from using the mark in connection with these products. (Id.) The License, however, does not convey sufficient property rights in the mark to be tantamount to an assignment. The License is only for certain types of products and not for the trademark in its entirety. (See License §§ 1.1(b); 2.1; 2.2.); Nova Wines, Inc. v. Adler Fels Winery LLC, 467 F. Supp. 2d 965, 974 (N.D. Cal. 2006) (licensee did not have standing where exclusive license was only for certain types of wine and a clause reserved to the licensor all rights not explicitly granted). Moreover, the license contains clauses explicitly stating that the licensor retains title and ownership of the mark and all rights not expressly granted in the exclusive license. (See License §§ 2.6; 2.7); Nova Wines, 467 F. Supp. 2d at 974; Ultrapure, 921 F. Supp. at 665. In addition, the licensor retains control over the nature and quality of the

**EDCV 13-02015-VAP (DTBx)**
**LASCO FITTINGS, INC. v. LESSO AMERICA, INC.**
**MINUTE ORDER of February 21, 2014**

products sold by LASCO using the mark, a requirement that is not consistent with an assignment. (See License § 4.2.); Gruen Mktg. Corp. v. Benrus Watch Co., Inc., 955 F. Supp. 979, 983 (N.D. Ill. 1997). Finally, although the License gives LASCO the right to sue to enforce the mark for certain products covered under the License, LASCO must notify the licensor and may not enforce the trademark in relation to other products. (See License § 4.3.) Furthermore, the structure of the License agreement does not suggest the parties intended the exclusive License to be equivalent to an assignment. Unlike in Innovation Ventures, the License here is not an assignment and license-back agreement; i.e., LASCO was never the original owner of the trademark.

Accordingly, the License, although exclusive for some products, does not convey "all substantial trademark rights" to LASCO and is not tantamount to an assignment. Further discovery on this issue is not necessary, and the Court finds LASCO lacks standing to bring the trademark infringement claim under section 32(1) and DISMISSES this claim.

### 2.   California Common Law Trademark Infringement
### Under California

"To state a claim for infringement under California common law, a plaintiff must allege 1) its prior use of the trademark and 2) the likelihood of the infringing mark being confused with its mark." Wood v. Apodaca, 375 F. Supp. 2d 942, 947–948 (N.D. Cal. 2005); Beijing Tong Ren Tang (USA) Corp. v. TRT USA Corp., 2009 WL 1542651, at *1 (N.D. Cal. June 2, 2009). To show "prior use" of the trademark, Plaintiff must demonstrate that it "first adopt[ed] or use[d]" the trade name or mark, which is also the requirement for ownership under the common law. Id. (citing American Petrofina v. Petrofina of California, Inc., 596 F.2d 896, 897 (9th Cir. 1979)).

Plaintiff argues that even though LASCO is not the owner of the mark, under California common law it is deemed the original owner because it was the first to adopt and use the trade name "LASCO." Plaintiff's Complaint, however, alleges the original trademark was coined by Robert Lynch, the founder of LASCO Industries, in 1947. (Compl. ¶ 9.) LASCO Industries was subsequently acquired by Philips

EDCV 13-02015-VAP (DTBx)
LASCO FITTINGS, INC. v. LESSO AMERICA, INC.
MINUTE ORDER of February 21, 2014

Industries, which was subsequently acquired by Tomkins. (Id. ¶¶ 9, 10.) Tomkins registered the LASCO trademark, and in 1999 Plaintiff LASCO was formed as a wholly owned subsidiary of Tomkins to operate the pipe fittings business. (Id. ¶¶ 10-13.) In 2000, Tomkins assigned the "LASCO" registration, name, mark, and associated goodwill to LASCO Bathware. (Id. ¶ 15.) LASCO Bathware then granted a license to Plaintiff LASCO to use the "LASCO" trade name and mark. As alleged in the Complaint, the "LASCO" trade name and mark was used by several different companies before Plaintiff LASCO acquired rights to use the mark. Accordingly, Plaintiff has failed to state a claim for common law trademark infringement and this claim is DISMISSED.

**B.   Leave to Amend**

In its Opposition, Plaintiff requested leave to amend if the Court found LASCO does not have standing to pursue the trademark infringement claims. As the Court has dismissed Plaintiff's trademark infringement claims for lack of standing, the Court GRANTS Plaintiff's request for leave to amend the Complaint to add Aquatic as a party, and accordingly, revive the infringement claims.

As Plaintiff will be filing an amended Complaint adding Aquatic as a party, the Court declines to reach Defendant's Rule 12(b)(7) argument to dismiss for Plaintiff's failure to join Aquatic. Accordingly, the Court DENIES Defendant's Motion to the extent it is based on Plaintiff's failure to join an indispensable party.

**IV. CONCLUSION**

For the foregoing reasons, the Court:
(1) DISMISSES with leave to amend Plaintiff's claim for trademark infringement under section 32(1) of the Lanham Act;
(2) DISMISSES with leave to amend Plaintiff's claim for California common law

EDCV 13-02015-VAP (DTBx)
LASCO FITTINGS, INC. v. LESSO AMERICA, INC.
MINUTE ORDER of February 21, 2014

trademark infringement;

(3) DENIES Defendant's Motion to dismiss for failure to join an indispensable party;

(4) GRANTS Plaintiff leave to file an amended Complaint no later than March 3, 2014.

**IT IS SO ORDERED.**